# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TALMADGE GILYARD**, | : | CIVIL ACTION NO. 1:10-CV-1657 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY WORK RELEASE**, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On August 10, 20010, plaintiff Talmadge Gilyard, an inmate presently incarcerated at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons set forth below, the action will be deemed abandoned and dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I.  Procedural Background

Initially, because plaintiff indicated he would need to amend his complaint within thirty days to supply the "rest of the facts," he was afforded until October 21, 2010, to file an amended complaint. (Doc. 1, at 7; Doc. 10). He failed to take advantage of this opportunity.

Preliminary review of the complaint revealed that plaintiff included a whole host of unrelated claims against various Dauphin County entities and employees, including, but not limited to, denial of medical treatment, interference with mail, illegal incarceration, and confiscation of monies. (Doc. 1). The claims did not arise

out of the same transaction or occurrence or series of transactions or occurrences and did not involve an issue of law or fact common to all defendants. Additionally, plaintiff included a claim that is properly brought in the context of a habeas corpus action. It was therefore concluded that allowing the pleading to proceed as filed was not in the interest of judicial economy. See, Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). On November 5, 2010, he was directed to file an amended pleading on or before November 18, 2010, which strictly adhered to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties. (Doc. 12.) The deadline has passed and plaintiff has failed to file an amended complaint, as directed, or seek an extension of time in which to do so. In fact, there has been no communication from plaintiff for more than two months.

**II.   Discussion**

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same). In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to

2

meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Ware v. Rodale Press, Inc., 311 F.3d 218, 221 (3d Cir. 2003); see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-78 (3d Cir.1994) (applying Poulis factors to dismissal under Rule 41(b)). The court must consider all six factors. Ware, 322 F.3d at 221-22; United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 162 (3d Cir. 2003).

**A.     Analysis of the Poulis Factors**

   1.     The extent of the party's personal responsibility

A *pro se* plaintiff is responsible for his failure to comply with a court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). The court has been waiting since August for plaintiff to move the litigation forward and can only conclude that he is personally responsible for failing to comply with court orders.

   2.     The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal quotations and citations omitted.) Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at

874. In the matter *sub judice*, plaintiff's failure to move the litigation forward has resulted in no prejudice to defendants as the complaint has not yet been served.

        3.     A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines). As is clear from the procedural background set forth *supra*, plaintiff failed to comply with two orders of court and move the litigation forward. Based on this conduct, the court finds that his conduct constitutes dilatory conduct. See Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008).

        4.     Was the conduct willful or in bad faith?

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Id. ; see also Emerson, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere

negligence). Plaintiff's repeated dilatory conduct and failure to abide by court orders demonstrate a willful disregard for procedural rules and court directives.

### 5. Effectiveness of sanctions other than dismissal

Ordinarily, a District Court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. However, where a plaintiff is proceeding *pro se*, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. In a scenario such as the present one, where the court is faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal.

### 6. Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Plaintiff's names as defendants the Dauphin County Work Release Center, Director Matthew Miller, Fiscal Manager Miles Miller, The Dauphin County Adult Probation and Parole Office, the probation and parole officers associated with the work release center and "various others." The scattered and disjointed claims include allegations of illegal imprisonment based on non-payment of a fine, denial

of medical treatment, interference with mail, and stolen/confiscated monies. Among the deficiencies contained in plaintiff's complaint, and fatal to the progression of the litigation is his failure to allege personal involvement.

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual

knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Moreover, liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); Rode, 845 F.2d at 1207. To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff fails to identify personal involvement of any of the named defendants in the deprivation of a constitutional right. Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Under this liberal pleading standard, courts should generally

grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). However, because plaintiff has twice failed to amend his complaint as ordered by the court, affording him an additional opportunity to amend to cure the deficiencies and allege personal involvement would be futile.

    **B.**    **Balancing of the Poulis Factors**

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). It is clear that, following a full analysis of the factors, five of the six factors weigh in favor of dismissal of the action for failure to prosecute.

An appropriate order will issue.


    S/ Christopher C. Conner  
    CHRISTOPHER C. CONNER  
    United States District Judge

Dated:    December 6, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TALMADGE GILYARD,** | : | CIVIL ACTION NO. 1:10-CV-1657 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY WORK RELEASE, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 6th day of December, 2010, for the reasons set forth in the memorandum accompanying this order, it is hereby ORDERED that:

1. Plaintiff's action is DEEMED abandoned and is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                               S/ Christopher C. Conner
                                               CHRISTOPHER C. CONNER
                                               United States District Judge